UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF CEMENT MASONS'
PENSION TRUST FUND, et al.,

                 Plaintiffs,                 No. 10-14050

vs.                                    Hon. Gerald E. Rosen

F&G POURED WALLS, INC./
LIPARATO CONSTRUCTION, INC.,

                 Defendants.
_____/

OPINION AND ORDER GRANTING PLAINTIFFS' RENEWED
MOTION FOR AMENDED JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

PRESENT:  Honorable Gerald E. Rosen
                      United States District Chief Judge

INTRODUCTION

On June 27, 2011, this Court entered an Opinion and Order granting the

Plaintiffs' Motion for Summary Judgment and denying the Defendants' Motion for

Summary Judgment finding that Liparto Construction, Inc. ("Liparato") was the

alter ego of F&G Poured Walls, Inc. ("F&G"), and as such, pursuant to the union

Agreement signed by F&G, was liable for contributions to the Cement Masons'

1

union fringe benefit funds on behalf of all of Liparato's employees performing cement finishing work covered under Agreement. Accordingly, the Court entered Judgment in favor of the Plaintiffs and ordered that the Defendants submit to an audit to determine the fringe benefit contributions owed to the Plaintiff funds, based on the hours worked by their employees. The Court further ordered that, should the audit reveal that there was an indebtedness, the Plaintiffs could file a motion to amend the Judgment for an award equal to the amount of indebtedness against the Defendants.

On November 7, 2011, Keith A. Messing, a Compliance Auditor with the firm of Stefansky Holloway & Nichols, Inc., payroll auditors for the Plaintiffs, completed his audit of Defendants' books and records and determined that Defendants' indebtedness to the Plaintiff funds for the period of October 2007 through December 2010 was $169,940.93, consisting of $155,479.28 in contributions plus $14,461.65 in liquidated damages

Based on Messing's audit report and pursuant to the Court's June 27, 2011 Order, on February 8, 2012, Plaintiffs moved for entry of an Amended Judgment in the amount of $169,940.93. Though the Court was generally satisfied that Plaintiffs had met their burden of establishing the amounts of contributions owed by Plaintiffs for most of the F&G/Liparato employees for the relevant period,

because Defendants produced records substantiating their claim that for at least some of the time during the relevant period two employees -- Miguel Silva and Cesar Perez -- did not perform work covered by the Cement Masons Agreement, the Court could not confirm the correctness of the amount of contributions sought by Plaintiff on behalf of these employees.  Therefore, the Court concluded that it would be inappropriate to enter the Amended Judgment requested by Plaintiffs. Accordingly, on September 19, 2012, the Court entered an Opinion and Order denying Plaintiffs' February 8, 2012 Motion for Amended Judgment, without prejudice to Plaintiffs' right to resubmit a properly documented motion correcting the deficiencies noted by the Court.

In accordance with the Court's September 19, 2012 ruling, on February 11, 2013, Plaintiffs filed the instant Renewed Motion for an Amended Judgment.

<u>DISCUSSION</u>

In their Renewed Motion, Plaintiffs seek entry of an Amended Judgment in the amount of $144,162.59, consisting of $131,931.20 in contributions and $12,231.39 in liquidated damages resulting from the audit.  The amount sought is based upon the revised audit of Keith A. Messing in which Mr. Messing excluded any hours worked by Miguel Silva and Cesar Perez for which they were paid at the Laborers' rate (as opposed to the Cement Finishers' rate). This meant that of the

428.25 hours worked by Cesar Perez in 2010, Messing excluded the 205 hours he worked as a laborer, allowing only for collection of contributions for the 223 hours he worked as a cement finisher.  (Perez did not work at all during 2008 and 2009). As for Mr. Silva, although he did work during 2008 and 2009, he was paid at the Laborers' rate for all such hours worked.  Therefore, Messing excluded from the audit all hours worked by Silva in 2008 and 2009.

Defendants continue, however, to contest the accuracy of the amount sought by Plaintiffs.  They maintain that Plaintiffs' revised audit includes 5,764.65 hours more than what was actually worked by covered employees during the years 2008-2010.  Specifically, they contend that the only employees that were doing covered cement finishing work during those years were Jose Pina and Sabas Salinas.  They contend that Perez did not perform 223 hours of cement finishing work in 2010; only 34 hours of his time was for cement finishing.  The remainder of the time he worked in 2010 were in the capacity of a laborer and a carpenter.  Defendants further claim that their other employees -- Bradley Peterson, Eduardo Gutierrez, Raymundo Gutierrez, Lucio Gutierrez, Eric Carbajo, and Miguel Silva -- did not perform cement finishing work, either.  They further argue that Philip Liparato, the owner of Liparato Construction, Inc., also did not perform cement finishing work.

As support for these arguments, Defendants have submitted the Affidavit

4

(and Corrected Affidavit) of Philip Liparato, to which is appended several
"Transaction by Detail Account" summaries for 2008, 2009 and 2010, listing the
employees on various jobs, with their total hours worked and their gross wages for
the job.  These "Transaction by Detail Account" summaries appear to be computer-
generated compilations run on February 14 and October 9, 2012, (*See* date and
time notation on each page of Exhibits A, B, and C of Liparato's February 28,
2013 Affidavit, and Exhibit 1 of Liparato's March 25, 2013 Corrected Affidavit),
with hand-written notations as to the nature of the work made by some unknown
person.  They are not contemporaneously-kept employment record, nor have they
been authenticated in any manner.

As for Liparato's Affidavit itself, the assertions contained therein  -- i.e., that
Jose Pina and Sabas Salinas are the only employees who performed covered work
during the relevant period -- contradict Liparato's April 11, 2011 deposition
testimony, which this Court had occasion to examine in detail in its September 19,
2012 Opinion and Order.   Specifically, in his deposition, Mr. Liparato admitted
that he also performed cement finishing work in addition to any supervisory
functions for which he was responsible.  *See* Liparato Dep., Dkt. # 24-2, p, 46; *see
also* 9/19/12 Opinion and Order, Dkt. # 40, at p. 3.  He also testified that Eric
Cabajo also performed cement finishing work.  Liparato Dep., p. 44; 9/19/12

5

Opinion and Order, p. 7.  It is well-settled that a party cannot create a factual issue by filing an affidavit which contradicts his earlier deposition testimony.  *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 517 (6th Cir. 2009).

There are further compelling reasons to discredit Liparato's affidavit. Liparato's affidavit also contradicts the sworn affidavit submitted by his son, Stefano, in support of Defendants' Response to Plaintiffs' February 8, 2012 Motion for Amended Judgment.  Stefano Liparato testified that Miguel Silva and Cesar Perez worked at least some hours for Defendants in 2010 as cement finishers.  *See* Stefano Liparato Dep., Dkt. # 37-8, ¶¶ 6, 9. Phil Liparato now states that Miguel Silva and Cesar Perez performed <u>no</u> work as cement finishers.  *See* Philip Liparato Dep., Dkt. # 44-2, ¶¶ 5,9.

Similarly, even if the Court were to consider the "Transaction by Detail Account" summaries submitted by Defendants in support of their Response, these summaries are contradicted by the "Transaction by Detail Account" summaries they submitted with their Response to Plaintiffs' February 8, 2012 Motion to Amend Judgment.  For example, the Transaction by Detail Account summary at Dkt. # 44-2 shows no hours worked by Cesar Perez on the Mill Creek Elementary School project.  *Id.*, pg. 23 of 31.  Yet, the summary at Dkt. # 37-9 shows that

Perez worked a total of 35 hours on the Mill Creek Project and was paid at the cement finishers' rate. *Id.*, pg. 4 of 11.

Based upon the foregoing, the Court concludes Defendants have failed to prove that work performed by the subject employees was not work covered under the Cement Masons Agreement for which Defendants were required to make contributions to the Plaintiff Funds.

As for Defendants' renewed arguments that Liparato was not the alter ego of F&G and contributions are not required for supervisory employees, the Court has already fully addressed these arguments in its previous Opinions. Therefore, there is no just reason for the Court to address them any further.

<u>CONCLUSION</u>

For all of the reasons stated above, and for the further reasons stated by the Court in its Opinions and Orders of June 27, 2011 and September 19, 2012,

IT IS HEREBY ORDERED that Plaintiffs' Renewed Motion for Amended Judgment **[Dkt. # 41]** is GRANTED. Accordingly,

7

IT IS FURTHER ORDERED that the Judgment entered by the Court on June 27, 2011 **[Dkt. # 31]** is hereby amended to provide for a monetary Judgment in favor of the Plaintiffs and against the Defendants in the amount of $144,162.59.


s/Gerald E. Rosen                    
Chief Judge, United States District Court

Dated:  September 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2013, by electronic and/or ordinary mail.

s/Julie Owens                    
Case Manager, (313) 234-5135